IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | |
|---|---|
| **DAVID GLEN HARRIS,** § | |
|     Petitioner, § | |
| § | |
| v. § | Civil Action No. 4:06-CV-0280-A |
| § | |
| **DOUGLAS DRETKE, DIRECTOR,** § | |
| **TEXAS DEPARTMENT OF CRIMINAL** § | |
| **JUSTICE, CORRECTIONAL INSTITUTIONS** § | |
| **DIVISION** § | |
|     Respondent. § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE
AND NOTICE AND ORDER**

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The findings, conclusions, and recommendation of the United States Magistrate Judge are as follows:

**I. FINDINGS AND CONCLUSIONS**

A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

B. PARTIES

Petitioner David Glen Harris, TDCJ #519267, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, in Tennessee Colony, Texas.

Respondent Douglas Dretke is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued on Respondent.

C. FACTUAL AND PROCEDURE HISTORY

1

Harris is serving a sixty-five year sentence for his 1989 conviction for aggravated sexual assault in the Criminal District Court Number One of Tarrant County, Texas. On April 10, 2006, Harris filed this petition challenging his 1989 conviction.[1] Harris has filed three previous federal petitions for writ of habeas corpus in this court challenging the same conviction.[2] *Harris v. Dretke*, Civil Action No. 4:04-CV-546-A (dismissed as successive); *Harris v. Cockrell*, Civil Action No. 4:02-CV-315-A (same); *Harris v. Scott*, Civil Action No. 4:95-CV-681-A (denied).

## D. SUCCESSIVE

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[3] Further, before such a petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the application. *Id.* § 2244(b)(3).

---

[1]This action was originally filed by the clerk's office as a miscellaneous case in Civil Action No. 4:06-MC-0013-Y, which was dismissed on April 21, 2006.

[2]The court takes judicial notice of the court documents and records filed in Harris's prior federal habeas corpus actions.

[3]Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

>  (A)  the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or
>
>  (B)(I)  the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
>  (ii)  the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

From the face of the instant petition, it is apparent that this is a successive petition, and Harris has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). This court is, therefore, without jurisdiction to consider the petition. *Id.*; *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999). Harris must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See In re Salazar*, ____ F.3d ____, 2006 WL 679018, at *1884 (5th Cir. Mar. 17, 2006); *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000).

## II. RECOMMENDATION

Harris's petition should be dismissed without prejudice to Harris's right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions, and recommendation within ten (10) days after the party has been served with a copy of this document. The court is extending the deadline within which to file specific written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until May 25, 2006. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions, and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(B)(1). Failure to file by the date stated above a specific written objection to a proposed factual

finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual finding or legal conclusion accepted by the United States District Judge. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1428-29 (5th Cir. 1996) (en banc op. on reh'g); *Carter v. Collins*, 918 F.2d 1198, 1203 (5th Cir. 1990).

## IV.  ORDER

Under 28 U.S.C. § 636, it is ORDERED that each party is granted until May 25, 2006, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation.  It is further ORDERED that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ORDERED that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED April 25, 2006.


   /s/   Charles Bleil
CHARLES BLEIL
UNITED STATES MAGISTRATE JUDGE